UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| JEFFREY R. YESSENOW, M.D., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:08-CV-123-TS |
| NEAL, GERBER & EISENBERG, LLP and ROBERT D. ZIMELIS, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Rule 12(b)(3) Motion to Dismiss or, In the Alternative, to Stay Pursuant to 9 U.S.C. § 3 [DE 15], filed on June 3, 2008.

**A.**     **Background**

On April 21, 2008, Plaintiff Jeffrey R. Yessenow, M.D., sued the law firm of Neal, Gerber & Eisenberg, LLP, and a partner in the firm, Robert D. Zimelis, for committing malpractice during their representation of him in connection with various business matters. The Plaintiff invoked the Court's diversity jurisdiction, 28 U.S.C. § 1332(a)(1). On June 3, the Defendants moved to dismiss the Complaint on grounds that this Court is not a proper venue because the parties' Engagement Letter requires that all disputes regarding the Defendants' services be arbitrated in Chicago, Illinois. The Defendants submit that, in the alternative, the case should be stayed pursuant to the Federal Arbitration Act, 9 U.S.C. § 3.

The Plaintiff, in his Response filed on September 25, 2008, "agrees at this time to stay the proceedings in this Court pursuant to 9 U.S.C. § 3, pending arbitration." (Resp. 1, DE 22.) The Plaintiff adds that, by agreeing to arbitration, he "reserves all rights regarding the validity of

the arbitration agreement and the authenticity of Plaintiff's signature on the purported agreement." (*Id.* at 1–2.)

On September 29, the Defendants filed their Reply in Support of Their Motion. They argue that the Plaintiff's request that the matter be stayed during arbitration ignores legal authority that requires the Court to dismiss the action. They point out that their request for a stay was made in the alternative, sought only in the event the Court did not dismiss the Complaint, and that the Plaintiff has not presented any evidence or argument to refute dismissal as the appropriate disposition of this case.

**B.     Analysis**

In support of their Motion to Dismiss, the Defendants provide the Affidavit of Defendant Zimelis. He states in the Affidavit that he sent an Engagement Letter dated May 26, 2004, to the Plaintiff to confirm the terms of their attorney-client relationship. (Zimelis Aff. ¶ 3, DE 16-2.) At the Plaintiff's request, he sent a replacement copy of the Letter to the Plaintiff on August 25. At some date after August 27, the Engagement Letter was returned bearing what purported to be the Plaintiff's signature. (Ex. A to Zimelis Aff., DE 16-2.) Zimelis maintains that, through his representation of the Plaintiff in multiple legal matters that required the Plaintiff's signature, he recognized the Plaintiff's signature at the bottom of the Engagement Letter.

The Defendants seek to dismiss the Complaint for improper venue on the force of the following language in the Engagement Letter:

> In the event there are any disputes concerning this agreement or the services rendered to the client, such disputes will be arbitrated in Chicago, Illinois in accordance with the rules of the American Arbitration Association. Any award will be enforceable in any court of competent jurisdiction.

(*Id.*) Although the Plaintiff appears to dispute whether he actually signed and entered into this agreement, he does not dispute that this provision is broad enough to encompass the matters raised in his Complaint for legal malpractice. In fact, he agrees in his Response to arbitrate the matter (with the understanding that the federal court litigation would be stayed). The Court must determine whether the matter should be dismissed, or whether a stay pending arbitration is the appropriate resolution.

The Defendants point to *Continental Casualty Co. v. American National Insurance Co.*, 417 F.3d 727 (7th Cir. 2005), in support of their argument that the Court should dismiss the Complaint for improper venue. In *Continental Casualty*, the district court dismissed a case on grounds that the issues presented in the Complaint was covered by a valid arbitration agreement. The Seventh Circuit noted that because the case was ultimately dismissed on grounds that the forum selection clause in the governing contracts required arbitration in other districts, dismissal was appropriate under Rule 12(b)(3). *Id.*, 417 F.3d at 733; *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995) (noting that "where an arbitration agreement contains a forum selection clause, only the district court *in that forum* can issue a § 4 order compelling arbitration"). To permit otherwise would allow

> any party to an arbitration agreement [to] avoid the effect of the agreed-to forum merely by filing suit in a different district. This in turn could lead to the parties racing to different courthouses to obtain what each thinks is the most convenient forum for it, in disregard of its contractual obligations. This disregard is not what Congress intended when it enacted a statute to make arbitration agreements enforceable. Thus, the district court in this case had no power under the statute to order arbitration in its district in contravention of the parties' agreement.

*Lauer*, 49 F.3d at 328 (quoting *Snyder v. Smith*, 736 F.2d 409, 419–20 (7th Cir. 1984)).

The arbitration provision of the Engagement Letters provides for arbitration of the

3

parties' dispute in Chicago, Illinois, which is outside the venue of the Northern District of Indiana, and this Court has no power to order arbitration in Chicago. This may explain why the Defendants have not petitioned this Court to compel arbitration. *See* 9 U.S.C. § 4 (authorizing a petition to compel arbitration). Because it now appears from the Plaintiff's Response that he is not refusing to arbitrate his claims against the Defendants, an order compelling arbitration may not be necessary. But the Plaintiff has also expressed a desire to reserve his right to challenge the validity of the contract containing the arbitration agreement. The Plaintiff may plan to argue that there was actually no contract and no agreement to arbitrate because the signature on the Engagement Letter was not actually his signature, but a forgery. If this remains an area of contention that requires judicial resolution, *see AT&T Techs., Inc. v. Comm'n Workers of Am.*, 475 U.S. 643, 649 (1986) (court determines whether parties are bound to arbitrate and what issues they must arbitrate on the basis of their contract); *Sphere Drake Ins. Ltd. v. All Am. Ins. Co.*, 256 F.3d 587, 591 (7th Cir. 2001) (noting that many appellate courts have held that "the judiciary rather than an arbitrator decides whether a contract came into being"), it should be decided by a court with the authority to compel arbitration in Chicago. Because this Court does not have that authority, it dismisses the action for improper venue. Even if a court need not resolve whether the Plaintiff actually agreed to arbitrate his disputes with the Defendants, the Court still considers dismissal the appropriate resolution of this matter given the Engagement Letter's clear expression of a forum outside the Northern District of Indiana. *See OCMC, Inc. v. Billing Concepts, Inc.*, No. 1:05-CV-1396, 2006 WL 1234884 *5 (S.D. Ind. May 3, 2006) (finding dismissal of claims without prejudice, instead of stay, the proper course of action where the arbitration clauses required arbitration outside the confines of its district).

4

**ORDER**

For the foregoing reasons, the Defendants' Rule 12(b)(3) Motion to Dismiss or, In the Alternative, to Stay Pursuant to 9 U.S.C. § 3 [DE 15] is GRANTED, and the Complaint is DISMISSED WITHOUT PREJUDICE.

SO ORDERED on October 7, 2008.

s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION