# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JEFFREY R. YESSENOW, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:08-CV-123-TS |
| | ) | |
| NEAL, GERBER & EISENBERG, LLP and ROBERT D. ZIMELIS, | ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On October 7, 2008, this Court dismissed Plaintiff Jeffrey R. Yessenow, M.D.'s Complaint without prejudice when it granted the Defendants' Rule 12(b)(3) Motion to Dismiss or, In the Alternative, to Stay Pursuant to 9 U.S.C. § 3. Within ten days of this dismissal, the Plaintiff, stating that he wanted to prevent any prejudice that he would incur from having to re-file his action outside the statute of limitations, requested that the Court amend its previous judgment of dismissal and order that this cause instead be transferred to the Northern District of Illinois [Motion to Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), DE 26]. The Defendants, the law firm of Neal, Gerber & Eisenberg, LLP, and a partner in the firm, Robert D. Zimelis, contend that no such relief is warranted, and that the Court properly dismissed the Complaint.

## BACKGROUND

On April 21, 2008, the Plaintiff sued the Defendants, alleging that they committed malpractice during their legal representation of him in connection with various business matters. The Plaintiff invoked the Court's diversity jurisdiction, 28 U.S.C. § 1332(a)(1). On June 3, the

Defendants moved to dismiss the Complaint on grounds that this Court was not a proper venue because the parties' Engagement Letter required that all disputes regarding the Defendants' services be arbitrated in Chicago, Illinois. The Defendants submitted that, in the alternative, the case should be stayed pursuant to the Federal Arbitration Act, 9 U.S.C. § 3.

The Plaintiff, in his Response, agreed "to stay the proceedings in this Court pursuant to 9 U.S.C. § 3, pending arbitration." (Resp. 1, DE 22.) The Plaintiff added that, by agreeing to arbitration, he "reserves all rights regarding the validity of the arbitration agreement and the authenticity of Plaintiff's signature on the purported agreement." (*Id.* at 1–2.) The Plaintiff's Response did not address the Defendants' request for dismissal.

On September 29, the Defendants filed their Reply in Support of Their Motion. They argued that the Plaintiff's request that the matter be stayed during arbitration ignored legal authority that required the Court to dismiss the action. They pointed out that their request for a stay was made in the alternative, sought only in the event the Court did not dismiss the Complaint, and that the Plaintiff did not present any evidence or argument to refute dismissal as the appropriate disposition of this case.

In an Opinion and Order dated October 7, 2008, the Court concluded that the parties' agreement to a forum outside the Northern District of Indiana warranted dismissal of the action for improper venue. The Court dismissed the Plaintiff's Complaint without prejudice, and the Clerk entered final judgment.

On October 17, the Plaintiff filed a Motion to Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) [DE 26]. The Plaintiff argues that the Court, rather than dismissing the cause, should have transferred it to the appropriate venue, the Northern District of Illinois, and

that such a transfer is necessary to prevent any prejudice to the Plaintiff from an expired statute of limitations. To explain his failure to request this relief during the original briefing on the Motion to Dismiss, the Plaintiff alleges that the Defendants lulled him into believing that they would agree to a stay of the action. The Plaintiff submits counsel's affidavit in support of his belief that the parties had an agreement to stay the matter if the arbitration agreement was found to be valid. He argues that language in an Agreed Motion for Extension of Time reflects the parties' agreement, specifically, language that the Plaintiff agreed "not [to] oppose a transfer to arbitration pursuant to 9 U.S.C. § 3" if handwriting experts concluded that the arbitration agreement was genuine. (Agreed Mot. Ext. Time ¶ 5, DE 20.) He further argues that, even though he did not explicitly request a transfer, it was implicit in his position that a stay was appropriate because only a district court in Illinois could grant a stay and compel arbitration.

On November 3, the Defendants responded [DE 27] to the Plaintiff's Motion to Amend, arguing that the Plaintiff never requested the particular relief that he contends the Court should have granted, that there was no excuse for the Plaintiff's failure to request such relief, and that justice did not require a transfer to Illinois. The Defendants provided their own affidavit to counter the Plaintiff's argument that the parties reached an understanding regarding arbitration. The Defendants submit that they never wavered in requesting dismissal as the primary relief, and never agreed that the case should be stayed pending arbitration. They simply sought some concession from the Plaintiff in return for agreeing to a second extension of time.

**DISCUSSION**

Rule 59(e) permits parties to bring to the district court's attention manifest errors of law

or fact so that they can be corrected without unnecessary appellate procedures and costs. Fed. R. Civ. P. 59(e); *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 730 (7th Cir. 1999). However, "[t]he rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

The Plaintiff contends that the Court should have transferred this case to the Northern District of Illinois instead of dismissing it without prejudice pursuant to Rule 12(b)(3). The Plaintiff argues that, because dismissal means that the Plaintiff is potentially barred by the statute of limitation from refiling his claims in the proper venue, it was a manifest error of law for the Court to dismiss his Complaint. The Plaintiff urges the Court to exercise its authority under 28 U.S.C. § 1406(a), which allows a district court to "transfer a case brought in the wrong division or district if" it is "in the interest of justice" to do so.

The Court agrees with the Defendants that any statute of limitations concerns could have been raised by the Plaintiff in response to the Defendants' Motion to Dismiss. The Defendants' requested relief for dismissal or, alternatively, for a stay, was not ambiguous. Neither party requested transfer, and it is not for this Court to question why, nor is it appropriate for a party to use Rule 59(e) to undo its own procedural failures, or to advance arguments that could or should have been presented to the district court prior to the judgment. The Plaintiff contends that he did not move for a transfer to Illinois because he believed that he had an agreement with the Defendants to allow the matter to be stayed. However, the Plaintiff presented no proof of such an agreement in the response to the Motion to Dismiss. The Plaintiff argues that language included

4

in the Agreed Motion for Second Extension of Time evidences this agreement. The Court does not read the language, which does not even reference dismissal, to mean that dismissal was no longer the primary relief that the Defendants were requesting. Moreover, the Plaintiff would have been on notice that the Defendants did not recognize such an agreement when they filed their Reply brief, yet took no action to clarify any misunderstanding or misdeed.

Nevertheless, the Court has considered the Plaintiff's arguments for manifest error. The Plaintiff's argument hinges on there being a "potential" bar to refiling his matter because of an expired statute of limitations, but the Plaintiff does not actually analyze how the statute of limitations would affect his claims. In the absence of an actual bar, the Plaintiff cannot demonstrate that the Court committed a manifest error of law when it dismissed his cause without prejudice. The Plaintiff may simply re-file his claims with the correct venue (whether it is an arbitration board or a court of law). The Plaintiff takes the approach that he should not have to explain the prejudice brought about by this Court's dismissal. His logic is that it is sufficient to note the Defendants' refusal to stipulate that they will not pursue a statute of limitations defense. But it is the Plaintiff, as the party who is requesting that the Court's judgment be modified, that must sufficiently formulate his arguments to the Court.

It may very well be that the Plaintiff is not time-barred at all—he does not explore the options. For example, the Plaintiff's unsupported claim of potential prejudice fails to take into account statutes that are intended to save otherwise time-barred actions that were first filed within the applicable statute of limitations. The Plaintiff's claims that the Defendant committed legal malpractice arise out of state law. When state law supplies the period of limitations, it also supplies the tolling rules. *Hardin v. Straub*, 490 U.S. 650 (1983). Both Indiana and Illinois have

5

"saving statutes," *see* Ind. Code § 34-11-8-1[1] and 735 ILCS 5/13-217[2], which are typically used to save an action filed in the wrong court by allowing the plaintiff enough time to re-file the same claim in the correct forum, *see Cox v. Am Aggregates Corp.*, 684 N.E.2d 193, 195 (Ind. 1997). Such statutes can serve to resuscitate actions that otherwise would have expired under the applicable statute of limitations. *Parks v. Madison County*, 783 N.E.2d 711, 720 (Ind. Ct. App. 2002). The Plaintiff has not submitted any authority indicating how the time for filing arbitration demands are calculated or tolled. Because the Plaintiff only supposes that he may suffer some prejudice that would have supported different relief, this is not a case of evidence that "clearly establishes a manifest error of law or fact," *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996), and the Plaintiff is not entitled to the requested amended judgment.

---

[1] The Indiana statute provides that "if a plaintiff commences an action and . . . fails in the action from any cause except negligence in the prosecution of the action," he may bring a new action "not later than the later of" three years after the first action failed or the last date an action could have been commenced under the statute of limitations governing the original action, and it will be "considered a continuation of the original action commenced by the plaintiff." Ind. Code § 34-11-8-1.

[2] The Illinois saving statute provides in relevant part:
Reversal or dismissal. In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if . . . the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff . . . may commence a new action within one year or within the remaining period of limitation, whichever is greater, after . . . the action is dismissed by a United States District Court for improper venue.
735 ILCS 5/13-217.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Amend Judgment [DE 26] is DENIED.

SO ORDERED on January 27, 2009.

                                         s/ Theresa L. Springmann
                                        THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT
                                        FORT WAYNE DIVISION